Filed 6/28/16  P. v. Cano CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064639 |
| v. | (Super.Ct.No. RIF097483) |
| JOSEPH ALFRED CANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Patrick F. Magers, Judge.

Affirmed as modified.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2003, defendant Joseph Alfred Cano was convicted of a gang related murder. He was sentenced to an aggregate sentence comprising a term of life without possibility of parole (LWOP) which was doubled due to a Strike allegation (Pen. Code, §§ 667, subds. (c) & (e)), 1170.12, subd. (c)), plus a consecutive term of 25 years to life for a gun use enhancement pursuant to Penal Code section 12022.53, subdivision (d), plus a determinate term of 15 years in prison, and other stayed and concurrent terms. Subsequently, defendant was resentenced in 2015 to single term of LWOP, plus a consecutive term of 25 years to life for the gun enhancement, plus a consecutive term of 10 years for a gang enhancement, with the balance of sentence to remain unchanged. Defendant appeals the resentencing.

On appeal, defendant argues that the imposition of the 10-year gang enhancement was unauthorized because the circumstance giving rise to his LWOP term was the same allegation of gang activity. The People agree with defendant's contention, urging us to strike, rather than stay, the enhancement. Accordingly, we modify the sentence to strike the gang enhancement.

## BACKGROUND

The facts of the offense are not relevant to our resolution of the issue presented on appeal, and were set out in full in our opinion on defendant's direct appeal (*People v.*

2

*Cano,* (April 2, 2004, E033115) [nonpub. opn.]), so we do no recite them here. Suffice it to say that the charges arise from gang-related shootings that killed one person, and injured another, at a birthday party. (*People v. Cano, supra,* E033115, pp. 3-4].)

Defendant was tried by a jury and convicted of one count of first degree murder (Pen. Code, § 187,[1] subd. (a), count 1), two counts of discharging a firearm at an inhabited dwelling house (§ 246, counts 2 & 3), three counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 4, 5, 10), and one count of possession of a semiautomatic firearm by an ex-felon.[2] (Former § 12021, subd, (a)(1), count 6.) As to count one, the jury found true a special allegation that the murder was committed for the benefit of a criminal street gang, within the meaning of section 190.2, subdivision (a)(22), as well as a separate gang enhancement pursuant to section 186.22, subdivision (b)(1), and that defendant personally discharged a firearm within the meaning of section 12022.53, subdivision (d). As to counts four and five, the jury found true the allegations that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

In a bifurcated proceeding, the trial court found true allegations that defendant had served a prior prison term (§ 667.5, subd. (b)) and had previously been convicted of a serious felony within the meaning of section 667, subdivision (a), and a prior serious or

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] A mistrial was declared as to three counts on which the jury could not reach a verdict.

violent felony conviction within the meaning of the Strikes law. (§ 667, subds. (c) & (e).) (See *People v. Cano, supra,* E033115, p. 2.) Defendant was sentenced to LWOP for the first degree special circumstance murder, which was doubled due to his prior Strike conviction. The court also imposed a term of 25 years to life for the gun discharge allegation and a consecutive term of 10 years for the gang enhancement, for count one. As to the balance of defendant's convictions, defendant received either concurrent or stayed terms. The judgment and sentence were affirmed with directions on direct appeal. (*People v. Cano, supra,* E033115, pp. 16-17.)

Subsequently, defendant filed a petition for habeas corpus, asserting error in the imposition of two LWOP terms by reason of the Strike.[3] The trial court granted relief and vacated the sentence for the murder conviction, imposing a single LWOP sentence for that crime, in addition to the previously imposed enhancement of 25 years to life for discharge of a firearm, as well as 10 years consecutive for the gang enhancement. Defendant appealed.

## DISCUSSION

Section 190.2, subdivision (a)(22), authorizes the imposition of a sentence of death or life without the possibility of parole where the defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of section 186.22, and the murder was carried out to further the activities

---

[3] The record does not include the habeas petition. However, the court and counsel referred to one during the hearing on the petition

4

of the criminal street gang.  (See *People v. Elizalde* (2015) 61 Cal.4th 523, 539.)  Section 186.22, subdivision (b)(1)(C) imposes a 10-year enhancement when such a defendant commits a violent felony.  (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004 (*Lopez*).)  Section 186.22, subdivision (b)(5) provides that "any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served."

The question of whether a first degree murder committed for the benefit of a gang is subject to the 10-year enhancement in section 186.22, subdivision (b)(1)(C), or whether such a murder falls within that subdivision's excepting clause and is governed instead by the 15-year minimum parole eligibility term in section 186.22, subdivision (b)(5), has been considered by the California Supreme Court in *Lopez.*  There, the court held the Legislature intended that section 186.22, subdivision (b)(5) applied to a straight life term as well a term expressed as years to life (other than those enumerated in subdivision (b)(4)) and therefore intended to exempt those crimes from the 10-year enhancement in subdivision (b)(1)(C).  (*Lopez, supra,* 34 Cal.4th at pp. 1010-1011.)  Indeed, the court emphasized that the exemption of section 186.22, subdivision (b)(5) applies to "all lifers."  (*Lopez,* at p. 1010.)

The proper remedy is to strike the enhancement because a stay is unauthorized.  (*People v. Flores* (2005) 129 Cal.App.4th 174, 187.)  Because the gang statute itself resolves the issue, we need not address the applicability of section 654 to the question of

5

whether imposition of the enhancement violates the prohibition against multiple punishment for the same conduct.

## DISPOSITION

The sentence is modified to strike the 10-year enhancement imposed pursuant to section 186.22, subdivision (b)(1).  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

We concur:

HOLLENHORST\
J.

SLOUGH\
J.

6